IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| SOUTH CAROLINA GAMBLING RECOVERY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KALSHI INC; KALSHIEX LLC; KALSHI KLEAR INC.; KALSHI KLEAR LLC; KALSHI TRADING LLC; SUSQUEHANNA INTERNATIONAL GROUP, LLP; SUSQUEHANNA GOVERNMENT PRODUCTS, LLLP; ROBINHOOD MARKETS, INC; ROBINHOOD DERIVATIVES, LLC; and WEBULL CORPORATION,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Defendants Robinhood Derivatives, LLC and Robinhood Markets, Inc. (together "Robinhood") hereby remove this action from the South Carolina Court of Common Pleas for the Tenth Judicial Circuit, County of Oconee, to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. The remaining defendants—Kalshi Inc., KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, Kalshi Trading LLC, Susquehanna International Group LLP, Susquehanna Government Products LLLP, and Webull Corporation (collectively with Robinhood, "Defendants")—consent to removal.

1. Plaintiff South Carolina Gambling Recovery LLC filed this action in Oconee County in the South Carolina Court of Common Pleas for the Tenth Judicial Circuit, on June 11, 2025. Compl., *South Carolina Gambling Recovery LLC v. Kalshi, Inc., et al.*, C. A. No. 2025-CP-37-00563. Copies of the complaint and the affidavits of service on Robinhood Derivatives, LLC

and Robinhood Markets, Inc., are attached as Exhibits A and B. Robinhood Derivatives, LLC and Robinhood Markets, Inc. were served on September 9, 2025.

2. Plaintiff's complaint asserts a single count under South Carolina Code § 32-1-20, to recover alleged losses on behalf of "thousands" of unidentified "individuals within South Carolina" who purportedly used Defendants' platforms to trade event contracts, a type of federally regulated derivatives contract. Ex. A ¶¶ 2, 6, 67. Section 32-1-20 traces to the Statute of Anne, a 1710 English anti-gambling law. Plaintiff argues that South Carolina's Statute of Anne permits it—a Delaware LLC created only months ago for purposes of litigation, but which alleges no losses of its own—to recover alleged losses of unidentified individual South Carolina residents to whom it has no purported connection, plus attorneys' fees and costs. Ex. A ¶¶ 6-7, 29; *id.* at 25.* Yet Plaintiff has sued companies that merely make those contracts available—including KalshiEX LLC (hereinafter "Kalshi"), which operates the federally registered exchange on which the contracts trade, as well as Robinhood Derivatives, LLC, a federally registered derivatives intermediary that accepts orders from customers for Kalshi's event contracts, as it does for many other federally regulated derivatives products on its trading platform.

**FIRST GROUND FOR REMOVAL:**
**FEDERAL QUESTION JURISDICTION**

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Statute of Anne claim requires the adjudication of federal-law issues that are "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

* Similar entities represented by the same counsel sued Defendants on June 11 and 12, 2025 in five other States asserting the same theory of recovery. *See* Compl., *Georgia Gambling Recovery LLC v. Kalshi Inc.*, No. SC2025CV001749 (Ga. St. Ct.); Compl., *Illinois Gambling Recovery LLC v. Kalshi Inc.*, No. 2025L007524 (Ill. Cir. Ct.); Compl., *Kentucky Gambling Recovery LLC v. Kalshi Inc.*, No. 25-CI-00512 (Ky. Cir. Ct.); Compl., *Massachusetts Gambling Recovery LLC v. Kalshi Inc.*, No. 2584CV01630 (Mass. Super. Ct.), *Ohio Gambling Recovery LLC v. Kalshi Inc.*, No. 2025-CV-01517 (Ohio Ct. Common Pleas).

disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)).

4. South Carolina's Statute of Anne "appl[ies] only to those gambling activities not authorized by law"—which necessarily raises substantial and disputed federal-law issues here. S.C. Code Ann. § 32-1-60. By its terms, the statute applies only "to losses sustained by *illegal* gambling." *Proctor v. Whitlark & Whitlark, Inc.*, 778 S.E.2d 888, 893-94 (S.C. 2015) (emphasis added). Indeed, Plaintiff's own complaint asserts that South Carolina's Statute of Anne provides a "safeguard against *illegal*, unregulated gambling," and "allows private parties to sue for *illegal* gambling." Ex. A ¶ 5 (emphasis added); *id.* at 8 (capitalization omitted; emphasis added). Plaintiff accordingly cannot recover without showing that the contracts at issue are "not authorized" by federal law. S.C. Code Ann. § 32-1-60.

5. To try to prove illegality, Plaintiff's complaint alleges that "Defendants' offerings are … prohibited under federal law." Ex. A ¶ 55. Specifically, Plaintiff claims (*id.* ¶¶ 55-57) that the event contracts violate the Wire Act, which forbids certain uses of interstate wires in connection with "bets or wagers." 18 U.S.C. § 1084(a). The Wire Act is an exercise of Congress's authority to regulate interstate commerce. *Id.* (limiting restriction to one who "uses a wire communication facility for … transmission in interstate or foreign commerce"). But as Defendants will demonstrate, the Wire Act is inapplicable to the event contracts here, which are authorized under the Commodity Exchange Act (CEA) and the Commodity Futures Trading Commission's (CFTC) implementing regulations. *See* 7 U.S.C. § 7a-2(c)(1); 17 C.F.R. § 40.2.

6. Plaintiff's allegation that Kalshi's event contracts also violate South Carolina law, Ex. A ¶ 53, only underscores the centrality of *federal* law to this case. The South Carolina law

Plaintiff cites does not apply here because the CEA preempts this application of it by granting the CFTC "exclusive jurisdiction" over derivatives, including event contracts, traded on CFTC-regulated exchanges like Kalshi. 7 U.S.C. § 2(a)(1)(A). Therefore, although preemption generally is an affirmative defense that does not give rise to federal-question jurisdiction, here Plaintiff's prima facie allegation of illegality under South Carolina's Statute of Anne "in the first instance requires consideration and construction" of the CEA and whether the CEA preempts South Carolina's anti-gambling laws as applied to event contracts. *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 283-84, 286 (4th Cir. 2022) ("the federal law embodied in the PJM Tariff is part and parcel of each of Old Dominion's [state-law] claims").

7. Plaintiff's claim thus turns on the legality under federal statutes of federally regulated derivatives contracts traded on a federally regulated exchange. Those are substantial federal issues that belong in a federal forum. *Grable*, 545 U.S. at 314-15. Indeed, Congress enacted the CEA to provide "a comprehensive regulatory structure to oversee the volatile and esoteric futures trading complex" and vested the CFTC with "*exclusive* jurisdiction" to administer it. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 355-56, 386 (1982) (emphasis added); *see* 7 U.S.C. § 2(a)(1)(A) (the CFTC "shall have exclusive jurisdiction" over, *inter alia*, transactions involving derivatives contracts "traded or executed on a [designated] contract market"). Yet Plaintiff's claim under the Statute of Anne threatens to upset this comprehensive federal regulatory structure by impugning under state law event contracts the CFTC has allowed to be traded on the exchanges it exclusively regulates. *See Grable*, 545 U.S. at 315. In light of that paramount federal interest, this Court's jurisdiction over this case will not "distur[b]," but rather respect, the "congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

**SECOND GROUND FOR REMOVAL:
CLASS ACTION FAIRNESS ACT**

8. This Court has diversity jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

9. CAFA "protect[s] important federal interests in addressing state abuses in interstate class actions." *W. Va. ex rel. McGraw v. CVS Pharm., Inc.*, 646 F.3d 169, 178 (4th Cir. 2011). "It was enacted to prevent States from keeping cases of national importance out of Federal court." *Id.* (internal quotations omitted). CAFA accordingly "assures that federal courts decide interstate cases of national importance." *Id.* (internal quotations omitted).

10. Under CAFA, a federal district court has diversity jurisdiction over a "class action" when (1) there is minimal diversity of citizenship between the parties, *i.e.*, if "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed class contains at least 100 members. *Id.* § 1332(d)(2), (5). CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

11. Plaintiff seeks to bring this suit in a manner similar to a class action under Federal Rule of Civil Procedure 23. Plaintiff is purporting to sue on behalf of "thousands of individuals within South Carolina." Ex. A ¶ 67; *see also id.* ¶¶ 30, 40. And Plaintiff seeks prospective relief declaring Defendants liable under South Carolina's Statute of Anne—relief that would inure uniformly to the class's benefit, by allegedly sparing "the State's residents" from "los[ing] money in the long run." *Id.* ¶ 63. But instead of attempting to satisfy class-action requirements, Plaintiff created an empty business entity to sue on others' behalf and thus achieve the same aggregation

effect while keeping the recovery for itself and circumventing those class-action requirements. Plaintiff's use of South Carolina's Statute of Anne in this manner calls for coverage by CAFA: Congress did not intend to force defendants to litigate in state court when state law purportedly authorizes a class-like device that has far *fewer* protections for defendants than Rule 23. *See* S. Rep. No. 109-14, at 35 (2005) ("the definition of 'class action' is to be interpreted liberally," and "lawsuits that resemble a purported class action should be considered class actions for the purpose of applying [CAFA's] provisions").

12. Based on the allegations in Plaintiff's complaint, all three statutory requirements for exercising diversity jurisdiction under CAFA are met here.

13. There is at least minimal diversity. Plaintiff alleges that it is bringing claims to "recover the money … taken from" South Carolina residents who purportedly have incurred losses on Defendants' platforms. Ex. A ¶¶ 40, 68; *see also id.* ¶ 30 (Plaintiff is "su[ing]" to recover "the uncollected losses Defendants have inflicted on [the State's] residents"). In light of Plaintiff's allegations, at least one of those individuals who allegedly incurred losses is a citizen of South Carolina. And at least one of the Defendants is not a citizen of South Carolina. For example, Defendant Robinhood Markets, Inc. is a citizen of Delaware and California because it is incorporated in Delaware and has its principal place of business in California. *Id.* ¶ 15; *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Plaintiff itself similarly is a citizen of at least one State—Florida, where it maintains its address and where its sole member is located—of which at least one defendant (*e.g.*, Robinhood Markets) is not a citizen.

14. In addition, a fair reading of the complaint demonstrates that the aggregate amount in controversy of the alleged losses likely exceeds $5 million. *See* Ex. A ¶ 6 (alleging that Defendants have improperly earned "millions of dollars from South Carolina gamblers").

15. Finally, Plaintiff asserts claims on behalf of "thousands of individuals within South Carolina," easily clearing CAFA's 100-member threshold. Ex. A ¶ 67.

**ALL REMOVAL REQUIREMENTS ARE MET**

16. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action because, as explained:

a. The complaint necessarily raises substantial, disputed federal questions that belong in federal court; and

b. The requirements for removal under CAFA are satisfied based on the allegations in Plaintiff's complaint.

17. Venue is proper in this Court because this judicial district embraces the South Carolina Court of Common Pleas for the Tenth Judicial Circuit, in which this case was filed. 28 U.S.C. §§ 1391, 1441(a), 1446(a).

18. In accordance with 28 U.S.C. § 1446(b)(1) and (2)(B), this removal is timely because it is being filed within 30 days of Robinhood Derivatives, LLC's and Robinhood Markets, Inc.'s receipt of service of Plaintiff's complaint.

19. All other Defendants consent to this notice of removal. 28 U.S.C. § 1446(b)(2)(A), (C).

20. A copy of the current docket sheet for the state action is attached as Exhibit C.

21. Robinhood will provide Plaintiff with written notice of this filing, and it will promptly file a true and correct copy of this Notice of Removal with the Oconee County Clerk of Court. The Notice of Filing of Notice of Removal to be filed with the South Carolina Court of Common Pleas for the Tenth Judicial Circuit is attached as Exhibit D. 28 U.S.C. § 1446(d).

22. By filing or consenting to this Notice of Removal, Defendants do not waive any objections as to notice, service, personal jurisdiction, venue, or any other defenses. Defendants

reserve all of their defenses, and this Notice of Removal is filed subject to full reservation of rights, including any rights to compel arbitration and all objections, arguments, and defenses to Plaintiff's complaint.

## CONCLUSION

Robinhood respectfully requests removal to this Court, and that the Court retain jurisdiction for all further proceedings in this matter.

October 7, 2025

Respectfully submitted.

*/s/ Rivers S. Stilwell*

Rivers S. Stilwell
S.C. Bar No. 2108; Fed. ID No. 6271
Claire K. Atwood
S.C. Bar No. 105496; Fed. ID No. 14466
MAYNARD NEXSEN PC
104 South Main Street, Suite 900
Greenville, SC 29601
Phone: (864) 370-2211
Fax: (864) 282-1177
RStilwell@maynardnexsen.com
CAtwood@maynardnexsen.com

Eugene Scalia*
Jonathan C. Bond*
Nick Harper*
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 530-9603
EScalia@gibsondunn.com
JBond@gibsondunn.com
NHarper@gibsondunn.com

**Applications for admission pro hac vice forthcoming*

*Counsel for Defendants Robinhood Derivatives, LLC and Robinhood Markets, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2025, I filed this document through the ECF system and that notice will be electronically sent to all registered participants identified on the Notice of Electronic Filing and that paper copies will be sent via First-Class Mail to all non-registered participants.

*/s/ Rivers S. Stilwell*
Rivers S. Stilwell