**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| SOUTH CAROLINA GAMBLING RECOV-ERY LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>KALSHI INC; KALSHIEX LLC; KALSHI KLEAR INC.; KALSHI KLEAR LLC; KALSHI TRADING LLC; SUSQUEHANNA INTERNATIONAL GROUP, LLP; SUSQUE-HANNA GOVERNMENT PRODUCTS, LLLP; ROBINHOOD MARKETS, INC; ROBINHOOD DERIVATIVES, LLC; and WEBULL CORPORATION,<br><br>*Defendants*. | Case No. 8:25-cv-12859-BHH<br><br>Judge Bruce Howe Hendricks |

## DEFENDANTS' JOINT UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO THE COMPLAINT

Defendants Kalshi Inc., KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, Kalshi Trading LLC, Susquehanna International Group, LLP, Susquehanna Government Products, LLLP, Webull Corporation, Robinhood Derivatives, LLC, and Robinhood Markets, Inc. (collectively, "Defendants") respectfully move this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) to extend the time for Defendants to respond to the complaint. The Court previously extended the time to respond to the complaint until November 13, one week after the deadline for Plaintiff's motion to remand the case to state court. Now that Plaintiff has moved to remand the case, ECF 25, Defendants request that their deadlines to respond to the complaint be extended until 14 days after the Court rules on Plaintiff's motion to remand. Plaintiff does not oppose this request. In support of this motion, Defendants state the following:

1. On October 10, 2025, this Court granted in part Defendants' consent motion for an extension of time to respond to the complaint until November 13, 2025—one week after Plaintiff's November 6 deadline to file a motion to remand. ECF 12.

2. On November 6, 2025, Plaintiff filed a motion to remand this case to state court, asserting that this court lacks subject-matter jurisdiction. ECF 25. Defendants intend to file oppositions to Plaintiff's remand motion.

3. In light of the jurisdictional dispute, Defendants respectfully move the Court to extend Defendants' deadlines for responding to the complaint until 14 days after the Court rules on Plaintiff's remand motion.

4. Good cause exists for this extension. It would be inefficient for the parties to brief, and the Court to review, motions to dismiss when Plaintiff has raised a threshold question of whether the case is properly before this Court at all. Courts therefore routinely extend deadlines for briefing on a motion to dismiss pending resolution of a remand motion. *See, e.g.*, *Ross Dev. Corp. v. Fireman's Fund Ins. Co.*, 809 F. Supp. 2d 449, 459 (D.S.C. 2011) ("This case was stayed soon after it was removed to federal court pending the court's ruling on a motion to remand."); *Pointe James Prop. Owners Ass'n, Inc. v. Arch Specialty Ins. Co.*, 2010 WL 2595193, at *1 (D.S.C. June 23, 2010) ("the court entered an order staying the case pending the resolution of the Plaintiff's motion to remand"); *S.C. ex rel. McMaster v. Astra Zeneca Pharms. LP*, 2009 WL 1227848, at *1 (D.S.C. May 5, 2009) ("[T]he Court granted in part Defendant's motion to stay the case, staying all issues except the pending motions to remand and transfer.").

5. This is Defendants' second request for an extension of time in this Court. As discussed, this Court previously granted in part Defendants' first motion to extend the time to respond to the complaint until one week after the deadline for Plaintiff's remand motion. ECF 12. At the

time of that order, Plaintiff had not yet filed a remand motion, and the Court did not address Defendants' separate request that the Court further extend their deadlines until after the Court resolved any remand motion filed by Plaintiff. *See* ECF 9 ¶ 4. Now that Plaintiff has filed a remand motion, there is good cause for this Court to further extend the deadlines until 14 days after the Court rules on Plaintiff's remand motion.

6.      Nothing in this motion shall be construed as a waiver of any of Defendants' rights, defenses, or arguments they would otherwise have.

7.      Defendants have conferred with counsel for Plaintiff, who represented that Plaintiff does not oppose the relief requested.

8.      A proposed order is attached.

November 10, 2025                                      Respectfully submitted.

| | |
|---|---|
| */s/ Rivers S. Stilwell* | */s/ Beattie B. Ashmore* |
| Rivers S. Stilwell | Beattie B. Ashmore |
| S.C. Bar No. 2108; Fed. ID No. 6271 | Fed. Bar No. 5215 |
| Claire K. Atwood | BEATTIE B. ASHMORE, P.A. |
| S.C. Bar No. 105496; Fed. ID No. 14466 | 650 E. Washington Street |
| MAYNARD NEXSEN PC | Greenville, SC 29601 |
| 104 South Main Street, Suite 900 | Phone: (864) 467-1001 |
| Greenville, SC 29601 | Fax: (864) 672-1406 |
| Phone: (864) 370-2211 | beattie@beattieashmore.com |
| Fax: (864) 282-1177 | |
| RStilwell@maynardnexsen.com | Sean Murphy* |
| CAtwood@maynardnexsen.com | Katherine Fell* |
| | Matthew Laroche* |
| Eugene Scalia* | MILBANK LLP |
| Jonathan C. Bond* | 55 Hudson Yards |
| Nick Harper* | New York, New York 10001-2163 |
| GIBSON, DUNN & CRUTCHER LLP | Phone: (212) 530-5000 |
| 1700 M St, N.W. | smurphy@milbank.com |
| Washington, D.C.  20036 | kfell@milbank.com |
| Phone:  (202) 955-8500 | mlaroche@milbank.com |
| Fax:  (202) 530-9603 | |
| EScalia@gibsondunn.com | Joshua Sterling* |
| JBond@gibsondunn.com | MILBANK LLP |

3

NHarper@gibsondunn.com

*Admitted pro hac vice*

*Counsel for Defendants Robinhood Deriva-tives, LLC and Robinhood Markets, Inc.*

1101 New York Avenue, NW
Washington, D.C. 20005
Phone: (202) 835-7500
jsterling@milbank.com

*Admitted pro hac vice*

*Counsel for Defendants Kalshi Inc., KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, Kalshi Trading LLC, Susquehanna Interna-tional Group, LLP, Susquehanna Government Products, LLLP, and Webull Corporation*