**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| SOUTH CAROLINA GAMBLING RECOVERY LLC, <br><br> Plaintiff, <br><br> v. <br><br> KALSHI INC., et al., <br><br> Defendants. | Case No. 8:25-cv-12859-BHH |

**PLAINTIFF'S UNOPPOSED COMBINED MOTION FOR A STAY AND
MEMORANDUM OF LAW**

Plaintiff South Carolina Gambling Recovery LLC ("Plaintiff") respectfully moves this

Court for a stay.  As explained further below, appeals directly bearing on a central issue in this case

are currently pending before the Ninth Circuit, *KalshiEX, LLC, v. Assad*, Case No. 25-7516, the

Fourth Circuit, *KalshiEX, LLC, v. Martin*, Case No. 25-1892, and the Sixth Circuit, *KalshiEX LLC

v. Orgel*, Case No. 26-5235 & *KalshiEX LLC v. Schuler*, Case No. 26-3196.  The Third Circuit also

has already issued a decision on the matter.  *See KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir.

2026).  Each of these pending appeals, as well as the Third Circuit's opinion, bears directly on core

issues in this case.  And the resolutions of these cases may lead to review by the Supreme Court.

In particular, the pending appeals address whether the Commodity Exchange Act (CEA) preempts

application of any state statute or regulation to CFTC-registered designated contract markets

(DCMs), designated clearing organizations, or market participants (the "Federal Preemption

Issue").

The Kalshi and Susquehanna Defendants (defined below) have informed Plaintiff that they

are amenable to a six-month stay of all proceedings, provided that, should the Supreme Court grant

certiorari on the Federal Preemption Issue during that period, the stay would be automatically extended pending the Supreme Court's issuance of an opinion.  The plaintiffs in other related actions,[1] each of which is represented by the same counsel as Plaintiff here, intend to seek commensurate stays in their respective jurisdictions.

## BACKGROUND

### A.      Procedural History

On June 11, 2025, Plaintiff South Carolina Gambling Recovery LLC filed this action in the Court of Common Pleas, County of Oconee.   Plaintiff sued Kalshi Inc., KalshiEX LLC ("KalshiEX"), Kalshi Klear Inc., Kalshi Klear LLC, and Kalshi Trading LLC (the "Kalshi Defendants"), Susquehanna International Group, LLP and Susquehanna Government Products, LLLP (the "Susquehanna Defendants"), Robinhood Markets, Inc. and Robinhood Derivatives, LLC (the "Robinhood Defendants"), and Webull Corporation (collectively, "Defendants") for recovery of gambling losses under S.C. Code Ann. § 32-1-20.  Plaintiff later voluntarily dismissed its claims against the Webull and Robinhood Defendants.  As relevant here, Plaintiff contends that Defendants offer event contracts that are in truth nothing more than illegal, unregulated wagers on the occurrence (or non-occurrence) of specific future events.  These wagers do not differ materially—in form or function—from the offerings found in casinos, sportsbooks, and other traditional gambling establishments.

---

[1]      *Kentucky Gambling Recovery LLC v. Kalshi, Inc.*, Case No. 25-CI-00512 (Ky. Cir. Ct. June 11, 2025); *Illinois Gambling Recovery LLC v. Kalshi Inc.*, Case No. 2025L007524 (Ill. Cir. Ct. June 11, 2025); *Ohio Gambling Recovery LLC v. Kalshi, Inc.*, Case No. 2025-CV-01517 (Mahoning Cnty. Ct. Com. Pl. June 11, 2025); *Massachusetts Gambling Recovery LLC v. Kalshi Inc.*, Case No. 2584-CV-01630 (Mass. Super. Ct. June 11, 2025), *removal pending*, Case No. 1:25-cv-12705-FDS (D. Mass.).

On October 7, 2025, Defendants removed this case to the District Court for the District of South Carolina. On November 6, 2025, Plaintiff moved to remand this case; that motion is pending.

**B.      Federal Courts Are Split on the Legality of Kalshi's Event Contracts**

On April 6, 2026, a split Third Circuit panel held, over Judge Roth's dissent, that KalshiEX had a reasonable likelihood of succeeding on its claim that the CEA provides the CFTC with exclusive jurisdiction over KalshiEX's contracts and preempts state gambling laws under both field preemption and conflict preemption. *See KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026).

On April 16, 2026, the Ninth Circuit heard argument in *KalshiEX, LLC, v. Assad*, Case No. 25-7516, which raises similar issues to those in *Flaherty* and in the other appeals discussed below. In *Assad*, a district court initially enjoined enforcement of Nevada gaming laws against KalshiEX, finding their application preempted by federal law. Subsequently, the district court granted Nevada's motion to dissolve the injunction, finding that contracts traded on KalshiEX are not swaps and, therefore, do not fall within the exclusive jurisdiction of the CFTC. On appeal, KalshiEX asserts that its event contracts are swaps within the meaning of the CEA; that the CFTC has exclusive jurisdiction to regulate DCMs; and that the CEA preempts the application of state gambling laws to DCMs. *See id.* Dkt. No. 20.1 (Appellant's Opening Br.). Nevada regulators disagree; they argue that KalshiEX's event contracts are not swaps or options under the CEA; that the CFTC does not possess exclusive jurisdiction to regulate KalshiEX; and that the CEA does not preempt state gaming law. *See id.* Dkt. No. 33.1 (State Defs.' Answering Br.).

On April 24, 2026, a Sixth Circuit panel declined to enjoin enforcement of Ohio's gaming laws against KalshiEX, pending Kalshi's appeal of a decision by the U.S. District Court of the Southern District of Ohio, which denied KalshiEX's motion for a preliminary injunction.

3

*KalshiEX, LLC v. Schuler*, 2026 WL 1295806 (6th Cir. Apr. 24, 2026) (per curiam). That panel recognized that "judges from around the country have fractured" on whether KalshiEX's event contracts qualify as swaps and whether the CEA preempts state sports-betting laws. *Id.* at *3. Noting that "an injunction pending appeal 'grants judicial intervention' that the district court has 'withheld,' [which] require[s] 'a significantly higher justification' than a stay pending appeal," the court declined to issue the injunction where "the issues in [the] appeal [are] close." *Id.* at *3, *6. The court ordered Kalshi's appeal of the district court's denial of a preliminary injunction to be expedited before a merits panel. *Id.* at *1. Meanwhile, Tennessee also has noticed an appeal with the Sixth Circuit, *KalshiEX LLC v. Orgel*, Case No. 26-5235, seeking review of the United States District Court for the District of Tennessee's grant of a preliminary injunction in KalshiEX's favor. *See KalshiEX LLC v. Orgel*, 2026 WL 474869 (M.D. Tenn. Feb. 19, 2026).

On May 7, 2026, the Fourth Circuit heard argument in *KalshiEX, LLC, v. Martin*, Case No. 25-1892, which raises similar issues. KalshiEX argues that the CEA preempts Maryland's gambling laws as applied to transactions on a federally regulated DCM. *See id.* Dkt. No. 16 (Opening Br. for Appellant Kalshi). Maryland regulators disagree; they argue that the CEA does not preempt Maryland's sports wagering regulations. *Id.* Dkt. No. 27 (Br. of Appellees).

In addition to the appeals in the Third, Fourth, Sixth and Ninth Circuit, there are similar cases between KalshiEX and state regulators pending in state or federal courts in states within the First, Second, Seventh, and Eighth circuits.

A petition for writ of certiorari to the Supreme Court is expected given the importance of the issue dividing the lower federal courts, the Third Circuit's decision, and the pending appeals in the Fourth, Sixth, and Ninth Circuit, which may further divide federal courts. New Jersey has explicitly said in court filings that it "intend[s] to seek further review of the Third Circuit's decision

in the U.S. Supreme Court." Joint Status Report, *KalshiEX LLC v. Flaherty*, Case No. 1:25-cv-02152-ESK-MJS, Dkt. No. 41 at 2 (D.N.J. May 19, 2026). The time for New Jersey to file a petition for writ of certiorari in *Flaherty*, pursuant to 28 U.S.C. § 2101(c), will expire in July 2026.

## ARGUMENT

This Court should stay this litigation for six months to allow the Supreme Court the opportunity to grant certiorari on the Federal Preemption Issue. If the Supreme Court does so, the parties agree that the stay should be automatically extended pending resolution by the Supreme Court. Even if the Supreme Court does not grant a petition within that time frame, a six-month stay will permit time for additional courts of appeals to weigh in on the Federal Preemption Issue, which could provide additional guidance to the parties and the Court regarding a core issue in this matter and create efficiencies for the Court and the parties. In furtherance of those goals, Plaintiff and Defendants (who consent to this motion) agree that they will not attempt to unwind the stay during the initial six-month stay period or after the Supreme Court grants certiorari (if that occurs).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes [of action] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). It is well established that "[a]s between federal district courts . . . the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Trial courts are thus "afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986).

Whether a federal district court should grant or deny a motion to stay "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pac. Corp.*,

562 F.2d 294, 296 (4th Cir. 1977).  "Traditionally, a court may consider the following factors when deciding whether to stay legal proceedings: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed." *Brown-Thomas v. Hynie*, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (internal quotation omitted).  Each of the relevant factors weighs in favor of a stay here.

*None of the parties will be prejudiced.*  No party will suffer harm from a stay to allow the Supreme Court the opportunity to resolve the threshold legal question (or to provide the circuit courts with additional time to weigh in on these issues).  Nor will any third party or public interest be affected by a limited, six-month stay.

*Judicial economy strongly favors a stay.*  Allowing this case to proceed prior to the Supreme Court determining whether it will take up the central legal issue to this case would require the parties to brief, and the Court to decide, legal issues that may be substantially clarified by Supreme Court review.  A stay thus promotes judicial economy by avoiding potentially duplicative or premature adjudication.

*The question of law dividing the federal courts bears directly on this case.*  The federal appeals currently pending bear directly on a question relevant to this case:  whether the CEA preempts the application of state gambling laws to the trading of event contracts on federally regulated DCMs.

*The possibility of a circuit split.*  The Third Circuit panel decision in *Flaherty* may eventually conflict with the pending decisions from the Fourth, Ninth, or Sixth Circuits.  A stay would allow the Supreme Court to review this issue, after which this Court would have the benefit of the Supreme Court's final authority on a matter of law dispositive to this case.

\*

In sum, each factor favors a stay.  The stay will allow the Supreme Court the opportunity to take up the central legal issue to this case; no party would be prejudiced by a limited stay; and judicial economy strongly favors a stay.

## CONCLUSION

This Court should stay this litigation for six months to allow the Supreme Court the opportunity to grant certiorari on the Federal Preemption Issue, and the Court should extend the stay if the Supreme Court grants certiorari.

Dated:  May 28, 2026

Respectfully submitted,

Derek T. Ho (*pro hac vice*)
Geoffrey J.H. Block (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
dho@kellogghansen.com
gblock@kellogghansen.com

*/s/ Christopher Mills*
Christopher Mills
SPERO LAW LLC
557 East Bay Street #22251
Charleston, SC 29413
Tel: (843) 606-0640
cmills@spero.law

*Counsel for Plaintiff South Carolina
Gambling Recovery LLC*